UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20256-WILLIAMS/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSBEL FERNANDEZ ECHEVARRIA,

    Defendant
_____/

# REPORT AND RECOMMENDATION ON
# DEFENDANT'S MOTION TO DISMISS

Defendant, Josbel Fernandez Echevarria, filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 15). The government filed a memorandum in response (ECF No. 25) and the Honorable Kathleen M. Williams referred the Motion to me (ECF No. 16). The Court heard oral argument on the Motion on August 18, 2022 (*see* ECF No. 28, 35), after which Defendant filed a Supplement to Motion to Dismiss, (ECF No. 34), and before which both parties filed a Notice of Authority (ECF No. 31, 32).

As set forth below, the facts Defendant asserts in support of his Motion are in dispute and must be resolved at trial. For that reason, I recommend that the Court deny the Motion without prejudice.

    **I.**    **Background**

A two count Indictment charges that Defendant, on July 2, 2020, committed involuntary manslaughter within the special maritime and territorial jurisdiction of the

1

United States, in violation of 18 U.S.C. §1112. (ECF No. 3). Count I charges Defendant with the death of Javier M. Perez and Count II charges him the death of Carolyn Alvarez. *Id.* The jurisdictional allegations in each count of the Indictment are that Defendant committed the crimes "within the special maritime and territorial jurisdiction of the United States, while aboard a vessel belonging in whole or in part to a citizen of the United States…." *Id.*

From Defendant's Motion and the government's response, and statements counsel made at the hearing, the record establishes that certain essential facts are not in dispute. Specifically, the parties agree that on July 2, 2020, Defendant and his then-girlfriend were visiting Bimini, in The Bahamas, on a motor vessel that Defendant captained. That vessel "belong[ed] in whole or in part to a citizen of the United States". (ECF No. 3).[1] While there, they met Perez and Alvarez, who joined Defendant and his girlfriend on their motor vessel for a diving/snorkeling excursion. That evening, as they traveled back to Bimini, the vessel had an allision at Turtle Rocks and Perez and Alvarez were ejected from the vessel. Perez's body was recovered the following day, although Alvarez was never found. Turtle Rocks is an underwater reef that includes exposed rocks, near Bimini in The Bahamas. A Garmin GPS chart plotter was on the vessel, and it recorded the course of the vessel that night.

Other facts, including facts material to the government's proof of jurisdiction, are in dispute.

---

[1] Defendant acknowledged this at the August 18, 2022, hearing.

In his Motion, Defendant claims that Perez and Alvarez were fatally injured when they were ejected from Defendant's vessel and struck Turtle Rocks, and that this happened when Defendant drove the boat up on Turtle Rocks, which is territory of The Bahamas. Defendant argues that their deaths were caused on land and that this Court therefore does not have jurisdiction. (ECF No. 15 at 3, 5).

The government disputes this. It contends that the chart plotter and other evidence demonstrate that Defendant recklessly operated the vessel and it struck something – likely a submerged part of Turtle Rocks – and that this caused Perez and Alvarez to be thrown from the vessel. The government maintains that the vessel did not come to rest, and the alleged crimes did not occur, on Bahamian territory. (ECF No. 25, 2-3).

## II. Analysis

Three statutes are central Defendant's Motion and this Court's jurisdiction. The first is 18 U.S.C. § 1112, which Defendant is accused of violating. Specifically, the government alleges Defendant committed involuntary manslaughter within the special maritime and territorial jurisdiction of the United States, in violation of § 1112.[2]

Next, 18 U.S.C. §7 lists multiple definitions of the term "special maritime and territorial jurisdiction of the United States." The parties agree that subsection (1) applies here. It states:

---

[2] Section 1112 states that involuntary manslaughter occurs with the "commission of *an unlawful act* not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of *a lawful act* which might produce death." 18 U.S.C. § 1112 (a). (emphasis added). As noted, the government intends to prove that Defendant dangerously and recklessly operated his vessel in a manner that caused the death of his passengers.

> The high seas, any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, and any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, District, or possession thereof, when such vessel is within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State.[3]

18 U.S.C. §7(1). In the Indictment, the government invokes the language in subsection (1) that jurisdiction exists over – abbreviated here – a United States vessel "when such vessel is within the admiralty and maritime jurisdiction of the United States." *Id.;* (*see also* ECF No. 3).

In his Motion, Defendant contends that the alleged crimes did not occur within the "admiralty and maritime jurisdiction of the United States". Defendant relies upon a third statute to make his argument, 18 U.S.C. §3236. It provides:

> In all cases of murder or manslaughter, *the offense shall be deemed to have been committed at the place where* the injury was inflicted, or the poison administered or other means employed which caused the death, *without regard to the place where the death occurs*.

18 U.S.C. § 3236 (emphasis added). Defendant maintains that the injury to Perez and Alvarez was inflicted on Turtle Rocks, where it rose above the water, when his vessel ran up onto the rocks and his passengers were ejected from the vessel and injured there. According to Defendant, the alleged offense did not occur within the "admiralty and maritime jurisdiction of the United States."

---

[3] Notably, the phrase "and out of the jurisdiction of any particular State" references a state of the United States. *United States v. Flores*, 289 U.S. 137, 146 (1933) (citing *Wynne v. United States*, 217 U.S. 234 (1910). The parties agree that the deaths of Perez and Alvarez occurred beyond the jurisdiction of any U.S. state.

At the hearing Defendant further argued that §3236 limits the commission of murder or manslaughter to two means: injury or poison. He insists that the phrase "or other means employed which caused the death" modifies "the poison administered" phrase and does not have independent meaning. The Court does not agree. I read the "other means" phrase to modify the earlier language in §3236 that "the offense shall be deemed to be committed at the place where…."

Defendant's reading of the statute is untenable. The plain purpose of 18 U.S.C. § 3236 is to establish that the offense of murder or manslaughter is committed where the death was caused, not where the person died. The statute offers examples of how a person can cause another's death – by the infliction of an injury and the administration of poison – and recognizes that this can also occur by "other means." 18 U.S.C. § 3236. It would be meaningless for "other means" to simply restate an earlier phrase ("the poison administered"). Defendant essentially asks the Court to read out of the statute the "other means" phrase, which it cannot do. *See Leocal v. Ashcroft*, 543 U.S. 1, 12 (2004) ("[W]e must give effect to every word of a statute wherever possible…."); *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute.") (quotation marks and citation omitted).

Defendant urges this nonsensical reading of § 3236 to argue that if he committed manslaughter, that this could have only occurred while his vessel was on the exposed Turtle Rocks (i.e., land), and therefore not within the admiralty and maritime jurisdiction of the

United States as set forth in 18 U.S.C. § 7.[4] To the contrary, the government may rely on the "other means" language of §3236 to argue that Defendant committed involuntary manslaughter on July 2, 2020, by dangerously and recklessly operating his vessel on the waters near Bimini. (Response Memorandum, ECF No. 25 at 4). In other words, it is the government's position that Defendant's dangerous operation of the vessel on the water near Bimini was the cause of his passengers' deaths, and thus the crime occurred on a U.S. vessel "when such vessel was within the admiralty and maritime jurisdiction of the United States", as is required for special maritime jurisdiction. 18 U.S.C. §7(1)

Whether Defendant's alleged criminal killing of Perez and Alvarez occurred when his vessel was on water or on land is in dispute. The resolution of factual issues is the sole province of the jury, and "at the motion to dismiss stage… the court cannot decide as a matter of law something which turns on the specific facts of the case." *United States v. Ferguson*, 142 F. supp.2d 1350, 1353 (S.D. Fla. 2000) (quoting *United States v. Antonnucci*, 663 F.Supp. 243, 245 (N.D. Ill. 1987). Therefore, at this stage of the proceedings, the record does not establish that the Court lacks subject matter jurisdiction as Defendant contends.

## III.     Conclusion and Recommendation

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant's Motion to Dismiss without prejudice, recognizing that he may renew

---

[4] At the hearing Defendant offered a hypothetical; that a person was killed on a U.S. vessel while it was stored on land at a marina in Bimini. Defendant argued, the Court believes rightly so, that such a killing would take place in Bahamian territory – not "within the admiralty and maritime jurisdiction of the United States." 18 U.S.C. §7(1)

it at trial consistent with Rule 29 of the Federal Rules of Criminal Procedure. *United States v. Lidinilah*, No. 20-CR-0033, 2020 WL 1674250, at *1, 6-9 (D.P.R. April 3, 2020) (denying without prejudice defendant's motion to dismiss for lack of jurisdiction as it turned on a factual dispute whether the vessel upon which the crime was alleged to have occurred was a United States vessel, and whether that vessel was on the high seas when the alleged crime was committed).

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

DONE AND RECOMMENDED at Miami, Florida this 13th day of September 2022.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies to*:  The Honorable Kathleen M. Williams
All counsel of record